# CHARLESTON.

## DAVIS v. LIVING.

### *(GREEN, JUDGE, absent.)

Submitted January 21, 1889.—Decided February 16, 1889.

EVIDENCE—TAX DEED.

> Under the provisions of the Code of 1868 of this State a tax-deed for land executed in 1870 by a deputy-recorder and duly acknowledged by him in his own name as such deputy is admissible in evidence in an action of ejectment for said land.

*T. E. Davis* for plaintiff in error.

*C. Hall* for defendant in error.

SNYDER, PRESIDENT:

Action of ejectment instituted in the Circuit Court of Ritchie county in May, 1885, by Thomas E. Davis against Jacob Living and others to recover 4,000 acres of land lying in said county. David McGregor and O. M. Brown were on their motion made defendants to the action in the place and stead of said Living and others. The case was tried by jury on the issue of not guilty, and a verdict was returned for the defendants, on which the court entered judgment. During the trial the plaintiff took two bills of exceptions, in the second of which all the evidence produced on the trial is made part of the record. The plaintiff obtained this writ of error.

The only question argued and insisted upon by the counsel for the plaintiff in error in this Court is presented by the first bill of exceptions. The plaintiff offered in evidence to the jury, as a part of his chain of title, a deed executed by G. H. Caldwell, deputy-recorder of Wirt county, to Peter P. Runyan and Johnson Litson, dated November 24, 1870, and duly admitted to record in said county on the same day by C. D. Fisher, recorder. Upon objection by the defendants the court refused to permit this deed to go to the jury as

*On account of illness.

evidence, on the ground that "a deputy-recorder has no authority to make a deed for land sold for taxes."

From the recitals in the said deed it appears that the tract of land thereby conveyed, to wit, 3,000 acres, situated in Wirt county, was on November 12, 1869, sold by the sheriff of said county for delinquent taxes charged thereon in the name of the Dutchman Oil Company for the years 1867 and 1868, and purchased by W. V. Vernon for $125.82, the amount of said taxes *etc.* The said Vernon assigned his said purchase to the said Peter P. Runyan and Johnson Litson, to whom the land was conveyed as aforesaid. The grantor is described as "George Caldwell, deputy-recorder of Wirt county," and the deed is signed, "G. W. CALD-WELL, Deputy-Recorder of Wirt county," and the acknowledgment is by said Caldwell as deputy recorder.

The Code of 1868 c. 13, s. 16, of this State, provides: "When a statute requires an act to be done by any officer or person, it shall be sufficient if it be done by his agent or deputy, unless it be such as can not lawfully be done by deputation." And section 11 of chapter 7 of said Code empowers the recorder, with the consent of the court or judge, to appoint any person his deputy; and then provides that "the deputy during his continuance in office may discharge any of the official duties of his principal;" and section 13 of said chapter declares, that, where a recorder dies during his term of office, his deputy in office at the time "may continue to discharge the duties of the office in the name of the deceased until the qualification of his successor." And section 14 is as follows: "The duties of the recorder, of a judicial character, shall not be performed by deputy, notwithstanding anything above contained to the contrary."

In *Pendleton* v. *Smith*, 1 W. Va. 16, it was decided, that all writs, process and attachments must be signed by the clerk or by his deputy, and, if by the latter, he must sign the name of the principal for the clerk. In this case, BROWN, J., dissented, he being of the opinion, that it was sufficient for the deputy to sign the writ in his own name. It seems to me, that the conclusion of Judge BROWN is the correct one, as it is not only in harmony with the statute-law but in accordance with the general usage and practice in all cases

of the acts of deputy-clerks. But, be that as it may, all the judges in that case agreed, that the act might be done by the deputy-clerk. The statute-law above quoted gives the deputy-recorder plenary power to discharge any of the official duties of his principal, with the single exception, that he shall not do so, when the duties are of a judicial character.

The form, in which the deputy shall designate his acts or sign official papers, is not defined except that, when he acts after the death of his principal, he is required to discharge the duties of the office in the name of the principal. If this latter requirement can be understood to require the deputy to sign official papers in the name of his principal, it could only apply to acts done when the principal was dead; because, if the statute required such signing in all cases, there was no necessity or propriety for this special requirement. It is very certain that the execution of a tax-deed is a ministerial not a judicial duty, and therefore a duty, which may under the statute be performed by a deputy-recorder. Under the statute-law of Virginia, which was at that time substantially the same as our statutes in regard to the powers of a deputy to act for his principal, the Court of Appeals of that state in *Flanagan* v. *Gimmet*, 10 Gratt. 421, held, that a tax-deed made by a deputy-sheriff for land sold by the sheriff of the county was legally executed and admissible in evidence in an action of ejectment for the land conveyed by such deed.

It is insisted by the defendant in error, that this deed was properly rejected because the plaintiff failed to prove, that G. W. Caldwell was in fact the deputy-recorder, at the time he executed the deed. The statute covers this objection. It declares, that the deed, when executed, shall be conclusive evidence against all persons other than the former owner of the land sold for taxes, that the person named in the deed as recorder was such. Code, 1868, c. 31, s. 29.

For the reasons aforesaid I am of opinion, that the judgment of the Circuit Court should be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

REVERSED.—REMANDED.